IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENNIE E. BARNES,** ) | |
| Petitioner, ) | |
| ) | **C.A. No. 05-100 ERIE** |
| v. ) | **Electronically Filed** |
| ) | |
| **MARILYN BROOKS,** ) | |
| Respondent. ) | |

**COMMONWEALTH'S ANSWER TO PETITION FOR**
**WRIT OF HABEAS CORPUS**

**AND NOW**, comes the Commonwealth of Pennsylvania, by and through its representative Michael E. Burns, Assistant District Attorney, Erie County, Pennsylvania, and files the within Answer to Petition for Writ of Habeas Corpus and in support therof avers as follows:

**I.    PROCEDURAL HISTORY**

The petitioner, Bennie Barnes, was originally charged with the following offenses: Kidnapping; Unlawful Restraint; False Imprisonment; Simple Assault; Terroristic Threats; Rape; Involuntary Deviate Sexual Intercourse; Aggravated Indecent Assault; and Indecent Assault. After completing a jury trial, on July 21, 1999, the petitioner was found not guilty of Kidnapping, Unlawful Restraint and Involuntary Deviate Sexual Intercourse, Terroristic Threats was withdrawn and the remaining charges resulted in a hung jury. A second jury trial commenced on September 21, 1999, regarding Simple Assault; Rape; Aggravated Indecent Assault and Indecent Assault. This trial resulted in the petitioner's conviction on Rape and Aggravated Indecent Assault. Petitioner was found not guilty of the remaining charges. Petitioner was

subsequently sentenced on November 1, 1999, to a term of imprisonment of eight (8) years to twenty (20) years.

Petitioner filed a direct appeal to the Pennsylvania Superior Court (Docket Number 1925 WDA 1999) on January 23, 2000.  In that appeal, the only issue raised was the alleged error of the trial court in granting Commonwealth's Motion in Limine to exclude testimony of victim's past drug usage.  On August 1, 2000, the Superior Court affirmed the lower Court's Judgment of Sentence.  The petitioner did not file with the Pennsylvania Supreme Court a Petition for Allowance of Appeal.

On March 15, 2001, the petitioner filed a Motion for Post Conviction Collateral Relief.  Appointed counsel petitioned to withdraw and filed a no merit <u>Finley</u> letter.  Counsel was permitted to withdraw and on September 17, 2001, the PCRA court denied the motion.  In Petitioner's Motion for Post Conviction Collateral Relief, he claimed:

(1)  His sentence was excessive;

(2)  Counsel was ineffective because counsel failed to bring out inconsistencies in the victim's testimony;

(3)  Counsel was ineffective because counsel failed to appeal his case to the Pennsylvania Supreme Court;

(4)  Double Jeopardy;

(5)  Inadmissible evidence regarding DNA was permitted at trial;

(6)  His trial was unlawful because the jury was not sworn in;

(7)  The trial court erred in granting Commonwealth's Motion in Limine to exclude testimony of victim's past drug usage;

(8)  Counsel was ineffective because counsel had limited contact with him;

(9)  He was not permitted to speak on his own behalf;

  (10) Counsel was ineffective for failing to file a motion for reconsideration/modification of sentence; and

  (11) The District Attorney harassed one of his witnesses.

The petitioner appealed this denial, and on June 26, 2002, the Pennsylvania Superior Court affirmed the PCRA Court's denial (Docket Number 1783 WDA 2001). The only issues raised by the petitioner on appeal were whether the sentence imposed by the trial court was illegal and whether Petitioner's PCRA counsel was ineffective. The petitioner did not attempt an appeal to the Supreme Court of Pennsylvania.

On August 12, 2002, the petitioner filed his second Motion for Post Conviction Collateral Relief and on October 15, 2002, the PCRA court denied the motion. In Petitioner's second Motion for Post Conviction Collateral Relief, he argued all prior counsel was ineffective and prosecutorial misconduct. The petitioner appealed this denial, and on August 21, 2003, the Pennsylvania Superior Court affirmed the PCRA Court's denial (Docket Number 1984 WDA 2002). The petitioner did not attempt an appeal to the Supreme Court of Pennsylvania.

On April 1, 2005, the petitioner filed the instant Petition for Writ of Federal Habeas Corpus. This answer follows.

## II. COGNIZABLE CLAIMS IN FEDERAL HABEAS CORPUS PROCEEDINGS

A state prisoner may seek federal habeas relief only if he is in custody in violation of the United States Constitution or federal law. 28 U.S.C. §2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir. 1992), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir. 1991), cert. denied, 502 U.S. 902 (1991). Violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before federal habeas relief may be

3

granted.  Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 257 (3d Cir. 1991), cert. denied, 505 U.S. 1223 (1992).  A federal court's scope of review is limited as its role is not to retry state cases *de novo*, but to examine the proceedings in the state court to determine if there has been a violation of constitutional standards.  Barefoot v. Estelle, 463 U.S. 880 (1983); Milton v. Wainwright, 407 U.S. 371 (1972).  A habeas petitioner must show that the state court's decision was such a gross abuse of discretion that it was unconstitutional; "ordinary" error is outside the scope of §2254.

### III.   STATUTE OF LIMITATIONS

Pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), effective April 24, 1996, the statute of limitations for filing a petition for writ of habeas corpus is as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. §2244(d).

In the instant case the petitioner filed his petition for post-conviction relief on March 15, 2001. That petition was subsequently denied by the lower court on September 17, 2001. Petitioner appealed the lower court decision and the Superior Court of Pennsylvania affirmed the denial of petitioner's PCRA petition on June 26, 2002. Petitioner never sought review in the Pennsylvania Supreme Court. Petitioner's second PCRA petition was untimely.

Under 28 U.S.C.A. §2244(d), the petitioners last day to file a Habeas Petition was June 26, 2003, one year after the petitioner's state court review became final. There are no allegations that any exceptions to the one year period apply, and as such, Petitioner is nearly one (1) year and nine (9) months past the time in which to file for Habeas relief. The petition must be dismissed for failure to abide by the statute of limitations. LaCava v. Kyler, 398 F.3d 271 (3rd Cir. 2005).

## IV.    EXHAUSTION

Before a federal court may address the merits of a state prisoner's claim, constitutional and federal law issues must have been fairly presented to the state courts first through direct appeal, collateral review, or other available procedures for judicial review. See e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.2d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). A state prisoner is required by 28 U.S.C. §2254(b) to exhaust all available state court remedies before seeking federal relief. The exhaustion requirement is based upon the principle of comity, which requires that state courts be given the first opportunity to address and correct constitutional violations and errors committed in its courts. Rose v. Lundy, 455 U.S. 509, 518 (1982); Preiser v.

5

Rodriguez, 411 U.S. 475, 491 (1973). Generally, in order to satisfy the exhaustion requirement, "a state prisoner seeking federal habeas relief must present each of his claims to the state's highest court." Story v. Kindt, 26 F.3d 402, 409 (3d Cir. 1994); see also, Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986). The petitioner has the burden of establishing that exhaustion has been met. Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state claim when no appropriate remedy exists. Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997); Doctor, at 681; Carter v. Vaughn, 62 F.2d 591, 594 (3d Cir. 1995) (citation omitted). A state prisoner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. 28 U.S.C. §2254(c). Federal courts may entertain the merits of a petition for habeas corpus where the state remedies have not been exhausted "when no appropriate remedy exists at the state level or when the state process would frustrate the use of an available remedy." Story at 405; Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991). If the "petitioner has no opportunity to obtain redress in state court or where the state corrective process is so defective as to render any effort to obtain relief futile," exhaustion is not required. Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986) (citing Duckworth v. Serrano, 454 U.S. 1, 3 (1981)); see also, Hankins at 249-250 (exhaustion is excused if state process offers no hope of relief).

The initial inquiry in determining whether the exhaustion requirement has been met is whether a state prisoner has "fairly presented" his federal claims to the state courts. To meet the fair presentation criterion, the same factual and legal basis for a claim must

6

be presented to the state court to allow the state a reasonable opportunity to address the claim and correct any violation of federal rights. Duncan v. Henry, 513 U.S. 364 (1995) (per curiam). "Fair presentation requires that, before a particular claim may be asserted in federal court, the same method of analysis must have been made available to the state court." Chaussard v. Fulcomer, 816 F.2d 925, 928 (3d Cir. 1987), cert. denied, 484 U.S. 845 (1987). The exhaustion requirement further requires a state prisoner to properly present his claims to the requisite state courts. A state prisoner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion will be satisfied. O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730 (1999) ("the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition"); Orban v. Vaughn, 123 F.2d 727 (3d Cir. 1997), cert. denied, 118 S.Ct. 717 (1998); Doctor at 678; Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1230 (3d Cir. 1992), cert. denied, 506 U.S. 1089 (1993). Exhaustion does not require that the highest court rule on the merits of a petitioner's claims; it does, however, require that the court be given the opportunity to review them. Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir. 1989).

The petitioner raises the following claims in his current Federal Habeas Petition:

(1) Whether he was tried on charges that he was previously acquitted of?

(2) Whether the trial was fundamentally unfair due to judicial bias?

Neither claim was ever raised on appeal at the state level; therefore neither of the claims have been truly exhausted.

V.    **PROCEDURAL DEFAULT DOCTRINE**

Exhaustion may also be satisfied when a petitioner is barred from raising his claims because Pennsylvania courts will no longer entertain them due to waiver or default.  Logan v. Vaughn, 890 F.Supp. 427, 430 (E.D. Pa. 1995) (citing Castille at 346).  Although defaulted or waived claims meet the technical requirements for exhaustion because no state forum is available, a petitioner may be barred from bringing such claims for federal court review under the "procedural default" doctrine.  Gray v. Netherland, 518 U.S. 152 (1996); Coleman v. Thompson, 501 U.S. 722, 732 (1991); Doctor at 678; Sistrunk v. Vaughn, 96 F.3d 666, 678 (3d Cir. 1996).  Like the exhaustion requirement, the procedural default doctrine was developed to promote our dual judicial system; it is based upon the "independent and adequate state ground" doctrine, which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgment.  Coleman at 750.

A state's procedural rules are entitled to deference by federal courts and a petitioner's violation of a state procedural rule may constitute an independent and adequate state ground for denial of federal review of a habeas claim.  Id.; Sistrunk at 673.  In order to prevent federal habeas corpus review under the procedural default doctrine, a state procedural rule must be "consistently and regularly applied."  Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) (quoting Johnson v. Mississippi, 486 U.S. 578, 588-89 (1988).  Moreover, violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to involve the procedural default doctrine even where no state court has concluded that a petitioner is procedurally barred from raising

8

his claims.  Glass v. Vaughn, 65 F.3d 13, 15 (3d Cir. 1995), cert. denied, 116 S.Ct. 1027 (1996); Carter at 595.  Federal habeas review is not available to a petitioner whose Constitutional claims have not been addressed on the merits due to procedural default unless a petitioner can demonstrate: 1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman at 750; Carter at 595.

The United States Court of Appeals for the Third Circuit directs this Court to review Petitioner's claim to determine whether any ambiguity exists as to whether a petitioner's inaction (i.e., his failure to comply with Pennsylvania procedural rules) constitutes procedural default under Pennsylvania state law.  Carter at 595.  If ambiguity exists, this Court should dismiss the petition without prejudice for failure to exhaust state remedies.  Id.  If a petitioner's failure to appeal his claims unambiguously constitutes procedural default under Pennsylvania law, this Court must determine whether cause and prejudice existed for the default or whether failure to consider a petitioner's claims would result in a fundamental miscarriage of justice.  Id.

Petitioner is claiming his trial was fundamentally unfair due to judicial bias for the first time in this Federal Habeas petition; Petitioner can no longer raise this issue through direct or PCRA review.[1]  This issue has been procedurally defaulted. Additionally, Petitioner's claim that he was tried on charges he was previously acquitted of was only raised to the PCRA court.  Petitioner did not appeal this issue to the Pennsylvania Superior Court or the Pennsylvania Supreme Court.  Since this issue can no

---

[1] Under 42 Pa.C.S.A. §9545(b)(1) a filing of another PCRA would be untimely.  This time requirement regarding such a filing has been consistently and regularly enforced by PCRA courts.

9

longer be raised through direct[2] or PCRA review[3] this issue has been procedurally defaulted.

### A. Cause and Prejudice

To satisfy the cause standard, a petitioner must demonstrate that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. McClesky v. Zant, 499 U.S. 467, 493 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). Neither a deliberate strategic decision nor an inadvertent failure of counsel to raise an issue constitutes "cause" unless counsel's performance failed to meet the Sixth Amendment standard for competent assistance. Engle v. Isaac, 456 U.S. 107 (1982); Murray at 485-487.

### B. Miscarriage of Justice

If a petitioner cannot demonstrate the necessary "cause" and "prejudice," this Court may review the claims if the petitioner can show that a "fundamental miscarriage of justice would result from a failure to entertain the claim[s]." McClesky at 495. This Court may use its discretion to correct a fundamental miscarriage of justice if it appears that a "constitutional violation probably resulted in the conviction of one who is actually innocent." Murray at 496; see also Coleman at 748; McClesky at 502. Under the "miscarriage of justice" standard, a petitioner must present new evidence of innocence and persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Schulp v. Delo, 513 U.S. 298 (1995).

---

[2] Under Pa. R.A.P. 903(a) the filing of an appeal would be untimely. This time requirement regarding such a filing has been consistently and regularly enforced by the Pennsylvania Superior Court.
[3] See Footnote 1.

As the petitioner has not adequately addressed the cause and prejudice prongs surrounding his failure to exhaust state remedies for claim numbers one (1) or two (2), nor addressed how this Court's failure to hear those claims would be a fundamental miscarriage of justice, they are not cognizable under this petition.

## VI.   MERITS OF PETITIONER'S CLAIM

### A.   Double Jeopardy

Double-jeopardy analysis focuses on the individual "offense charged," U.S. Const., Amend. V, and caselaw establishes that jeopardy may terminate on some counts even as it continues on others. See, e.g., Price v. Georgia, 398 U.S. 323, 329 (1970). The Supreme Court has "constantly adhered to the rule that a retrial following a 'hung jury' does not violate the Double Jeopardy Clause." Richardson v. United States, 468 U.S. 317, 324 (1984) (citing Logan v. United States, 144 U.S. 263, 297-298 (1892)).

A review of the record reveals that the petitioner was acquitted of Kidnapping, Unlawful Restraint, and Involuntary Deviate Sexual Intercourse. The remaining counts resulted in a hung jury. At the second trial, Petitioner was tried on charges of Simple Assault, Rape, Aggravated Indecent Assault and Indecent Assault. Petitioner was not retried on any charges that he was previously found not guilty of committing. He was tried only on those counts that resulted in a hung jury at the conclusion of the first trial. Thus there was no Double Jeopardy violation and the petitioner's request for relief should be denied.

### B.   Judicial Bias

The right to a fair trial is "a basic requirement of due process" and includes the right to an unbiased judge. In re Murchison, 349 U.S. 133,136 (1955). "[T]he floor

11

established by the Due Process Clause clearly requires a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case." Bracy v. Gramley, 520 U.S. 899, 905 (1997). When asserting a claim of judicial bias, there must be more than mere misconduct; rather there must be a showing of actual bias. Litehy v. United States, 510 U.S. 540, 555-56 (1994).

The record does not support Petitioner's claim. Nowhere in the record does it indicate that the trial judge had an interest in the outcome of this particular case or had an actual bias against the petitioner. Thus the petitioners due process rights were not violated and accordingly, the petitioner's request for relief should be denied.

## VII.    CONCLUSION

**WHEREFORE**, based upon the foregoing, Respondent requests that this Court dismiss/deny the Petition for Writ of Habeas Corpus in the above entitled action.

Respectfully submitted,

s/ Michael E. Burns            .
Assistant District Attorney
District Attorney's Office
Erie County Courthouse
140 West Sixth Street
Erie, Pennsylvania  16501
(814) 451-6349
PA I.D. #57038

Dated:  July 28, 2005