IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

BENNIE E. BARNES

V.                                          NO.05-100 ERIE

MARILYN S. BROOKS,ET AL.


PETITIONER'S RESPONSE TO COMMONWEALTH'S ANSWER TO HABEAS PETITION

AND NOW,Comes the Petitioner,Bennie E. Barnes,in propria personam and files the within response to the Commonwealth's answer to the petition for writ of Habeas Corpus filed in the above captioned matter and in support thereof avers as follows:

   1. Petitioner avers that contrary to the Commonwealth's position that the statute of limitations in which to seek Federal Habeas relief has tolled,The last State court action in petitioner's criminal case was an ORDER PER CURIAM of the Supreme Court of Pennsylvania in case No.53WM2004 and dated September 17,2004(a copy of the aforesaid order is attached hereto as exhibit #1) and as such Petitioner avers that the one year statute of limitations in which to seek Federal Habeas relief does not toll until September 17,2005 and therefore Petitioner has in fact filed a timely petition and is not barred by the statute of limitations as the Commonwealth contends in their answer.

   2.Petitioner avers that while the Commonwealth contends that he has not exhausted State remedies and is therfore barred from seeking federal Habeas relief,Petitioner avers that attempting to exhaust his state court remedies would prove to be futile and as such the exhaustion requirement for habeas relief is not jurisdictional and may be avoided by petitioner if attempt to exhaust would be futile.see,CLAYTON V.GIBSON,196 F3d 1119 (10th Cir.1999).

   3.Petitioner avers that he has given the State Courts fair opportunity to act on his claims but they have failed to do so and that the Federal Habeas Corpus statute requires only that state prisoners give state Courts fair opportunity to act on the claims.see,O'SULLIVAN V. BOERCKEL,_____US___,____LEd2d_____,119 SCt 1728(1999).

    4. Petitioner avers that Federal Habeas relief is not to be denied to prisoners alleging constitutional deprivations soley on the ground that relief should have been sought on appeal. see, KAUFMAN V. US, 394 US 217, 22 LEd2d 227, 89 SCt 1068 (1969)

    WHERFORE, Upon consideration of the foregoing, Petitioner prays this Court to deny the respondent's motion to dismiss petitioner's Habeas Corpus petition.

                  Respectfully Submitted,

                  Bennie E. Barnes, Petitioner

                  Dated: 8-18-205

CERTIFICATE OF SERVICE

I,Bennie E. Barnes,do hereby certify that I have served a true
and correct copy of the foregoing by placing same in the US MAIL
first class postage paid and addressed as follows:

Michael E. Burns,ESQ.
District Attorney's office
140 W. 6th St.
Erie,Pa.16501

CLERK'S OFFICE
U.S. DISTRICT COURT
P.O BOX 1820
ERIE PA 16507

Respectfully Submitted,

Bennie E. Barnes,Petitioner
10745 Rt. 18
Albion,Pa.16475-0002

Dated: 8-18-205

Ex-C ①

# Supreme Court of Pennsylvania
### Western District

John A. Vaskov, Esq.
Deputy Prothonotary

Patricia A. Nicola
Chief Clerk

August 9, 2004

801 City-County Building
Pittsburgh, PA 15219
412-565-2816
www.aopc.org

Mr. Bennie Earl Barnes
EB 8245
10745 Route 18
Albion, PA 16475-0002

RE:   Commonwealth v. Barnes, Pet.
      NO 65 WM 204
      Erie County Court of Common Pleas
      Agency/Trial Court Docket Number:
      Intermediate Court Docket Number:

Dear Mr. Barnes:

This is to advise that the below listed item(s) was/were received in the above-captioned matter.

    Writ of Habeas Corpus
    Application for Leave to File Original Process

An original and eight (8) copies of either the Brief in Opposition, or a letter stating that a Brief in Opposition will not be filed, is required to be filed within fourteen (14) days after service. An additional three (3) days may be added if service was effectuated by mail. See Rule Pa.R.A.P. 121(e).

Very truly yours,

Office of the Prothonotary

/jh

IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA, : No. 53 WM 2004

Respondent

v.

BENNIE EARL BARNES,

Petitioner

## ORDER

**PER CURIAM**

**AND NOW**, this 17th day of September, 2004, the request for leave to file original process is granted and the Petition for Writ of Habeas Corpus is denied.

A True Copy Patricia Nicola
As of: September 17, 2004
Attest: *Patricia Nicola*
Chief Clerk
Supreme Court of Pennsylvania

## IN THE SUPREME COURT OF PENNSYLVANIA

IN RE: EXHAUSTION OF STATE : No. 218
REMEDIES IN CRIMINAL AND POST- : Judicial Administration Docket
CONVICTION RELIEF CASES : No. 1

EXHIBIT "D"

ORDER

**PER CURIAM:**

AND NOW, this 9th day of May, 2000, we hereby recognize that the Superior Court of Pennsylvania reviews criminal as well as civil appeals. Further, review of a final order of the Superior Court is not a matter of right, but of sound judicial discretion, and an appeal to this Court will only be allowed when there are special and important reasons therefor. Pa.R.A.P. 1114. Further, we hereby recognize that criminal and post-conviction relief litigants have petitioned and do routinely petition this Court for allowance of appeal upon the Superior Court's denial of relief in order to exhaust all available state remedies for purposes of federal habeas corpus relief.

In recognition of the above, we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.

This Order shall be effective immediately.