BENNIE E. BARNES

v.

MARILYN S. BROOKS, ET AL.

IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

No-05-100 ERIE

## PLAINTIFF'S AMENDED PETITION

Petitioner contends that a blatant violation of the double jeopardy clause has occurred to wit, Petitioner was first tried and found not guilty of involuntary deviate sexual intercourse on July 21 1999 however in a subsequent second trial commencing on September 21,1999, petitioner was found guilty of "IDSI" the same offense for which he had been acquitted in the first trial. Petitioner avers that the double jeopardy clause protects him against a second prosecution for the same offense after conviction or acquittal, and against multiple punishments for the same offense. see, PALAZZOLO V. GORCYCA, 244 F3d 512 (6th Cir.2001). Petitioner avers that jeopardy attaches in a jury trial after the jury is empaneled and sworn, or in the case of a bench trial, when the court begins to hear the evidence. see, US V. JOYNER, 201 F3d 61 (2nd Cir.2000) and as such double jeopardy concerns are implicated given that petitioner has been retried for the same offense following his acquittal. see, US V. ANGLETON, 314 F3d 767 (5th Cir.2002).

Petitioner avers that he is the victim of a duplicious indictment in that, "Duplicity" is the joining of two or more separate offenses in same count; vice of duplicity is that the jury may convict defendant without unanimously agreeing on the defendant's guilt on the same offense.
Petitioner avers that his sixth amendment rights have been breached by this duplicious indictment in that, the duplicity in indictment improperly prevents jurors from acquitting defendant on a particular count when they've decided to convict on a separate count which has been improperly joined together in a single count. Petitioner avers that where such a constitutional breach has occurred it is impossible to determine whether or not all jurors unanimously reached a verdict convicting defendant of even one of the separate counts within the duplicious indictment. see, US V. UCO OIL CO., 546 F2d 833 (9th Cir.1976). When such duplicity in indictment occurs the defendant's right to due process is violated in that, the Court's ruling on evidentiary matters can erroneously cause evidence to be admitted in one count that may be inadmissible on another and as such this deffect can not be remedied. see, US V. PAVLOSKI, 574 F2d 933 (7th Cir.1978). Petitioner avers that with specificity that in the case at bar, the wrongful mention of Involuntary deviate sexual intercourse, Ipso facto has served to taint the jury's consideration of the actual offenses for which petitioner was being tried. Petitioner contends that variance rises to the level of reversible error where evidence presented at trial, together with jury instructions, raises possibility that petitioner was convicted on offense other than charged in the indictment. see, US V. MOLINARO, 11 F3d 720 (2nd Cir.1995). Petitioner avers that this

Forte oral Sex) Refer to n.t Pg. 69, note 21 Pg 70-Pg 43

duplicity is violative of the presentation clause which entitles a defendant to be fully apprised of charges against him so that he knows what he must meet at trial.see,US V. FIELD,875 F2d 130 (7th Cir.1989).It is impermissible for the prosecution to obtain an indictment alleging certain material facts then seek a conviction on the basis of a different set of elements or facts as is the case at bar.see,US V. ROBLES-VERTIZ,155 F3d 727 (5th Cir.1998).The accepted standard for a duplicitious indictment is found in GEBERDING V.US,471 F2d 55 (8th Cir.1973) which clearly defines this as an indictment,information or complaint that alleges more than one offense in a single count.Petitioner avers that even a cursory look at the instant case reveals such duplicity infringing upon petitioner's protection against double jeopardy set forth in the sixth amendment.

Petitioner avers that a glaring instance of prosecutorial misconduct occurred when the prosecutor during his opening statement made mention of testimony from the victim conducive to the offense of "IDSI" which petitioner had been acquitted of in the first trial.Petitioner avers that this is prejudicial to petitioner because it diverted the attention of the jury from the question of petitioner's responsibility for the crime charged.see,US V.ALDRICH,169 F3d 526 (8th Cir.1999).Petitioner avers that such a misstatement by a prosecutor invalidates conviction.see,WHITEHEAD V.COWAN,263 F3d 708 (7th Cir.2001).Petitioner avers that in context of a criminal trial,accumulation of errors can be grounds for new trial and it is patently apparent that there occurred a myriad of errors throughout the second trial.see,LAITOLAIS V.WHITLEY,93 F3d 205 (5th Cir.1996).A new trial is necessary when there is significant possibility that improperly admitted prejudicial evidence had substantial impact on verdict when viewed in light of entire record.see,US V. HONER,225 F3d 549 (5th Cir.2000).Petitioner contends that a new trial should have been granted to wit,the trial was substantially unfair to petitioner.see,US V.GREER,285 F3d 158 (2nd Cir.2002) and that a reversal is required under the plain error standard in that,there was error,it was plain and it effected substantial rights of petitioner.see,US V.GESTON,299 F3d 1130(9th Cir.2002).Petitioner avers that in failing to grant a new trial,the trial court committed plain error requiring reversal.see,US V.FUCHS,218 F3d 957 (9th Cir.2000).Petitioner contends that a conspiracy of errors by the trial Court,Prosecution and an ineffective and inept defense counsel resulted in numerous constitutional deprivations supported by the record of the second trial.These errors were prejudicial to petitioner's right of due process and it must be held that harmless plain error does not exist in any context.All plain errors are harmful and the HARMLESS BEYOND REASONABLE DOUBT standard presumes that the defendant has been prejudiced beyond repair and places the burden on the beneficiary of error,in

this case,The prosecution,to prove beyond a reasonable doubt that these errors did not contribute to the verdict.This is a burden that the Commonwealth cannot meet and as such requires reversal De jure.see,CHAPMAN V.CALIFORNIA,386 US 18,23-24,17 LEd2d 705,87 SCt 824 (1967).

Petitioner avers that in the habeas forum,multiple errors,even if harmless individually,entitle petitioner to habeas relief if their cumulative effect prejudiced defendant.see,CEJA V.STEWART,97 F3d 1246 99th Cir.1996).In Habeas case,an error cannot be deemed harmless if it had substantial or injurious effect or influence in determining jury's verdict.see,LAM V.KELCHNER,304 F3d 256 (3rd cir.2002)and the cumulative prejudicial effect of multiple trial errors must be considered when determining whether habes relief is warranted.see,PHILLIPS V.WOODFORD,267 F3d 966 (9th Cir.2001).A writ of habeas corpus should issue if state court proceeding was fundamentally unfair as a result of violation of constitution.see,SKAGGS V.PARKER,235 F3d 261 (6th Cir.2000).Petitioner avers that where the Court is in grave doubt as to harmlessness of state court error,habeas petitioner must win.see,CRESPIN V.STATE OF N.M.,144 F3d 641 (10th Cir.1998)and an error violating federal constitution in state criminal trial held not harmless and federal habeas petitioner is required to win.see,O'NEAL V.McANNICH,513 US 432,130 LEd2d 947,115 SCt 992 (1995).

CERTIFICATE OF SERVICE

I,Bennie E. Barnes,do hereby certify that I have served a true and correct copy of the foregoing by placing same in the US MAIL first class postage paid and addressed as follows:

Michael E. Burns,ESQ.
District Attorney's office
140 W. 6th St.
Erie,Pa.16501

CLERK,S OFFICE
U.S. DISTRICT COURT
P.O BOX 1820
ERIE PA 16507

Respectfully Submitted,

*Bennie E. Barnes*
Bennie E. Barnes,Petitioner
10745 Rt. 18
Albion,Pa.16475-0002

Dated: 9-7-2̶0̶5̶