IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

BENNIE E. BARNES  :
PETITIONER        :
                  :   CASE No. 05-100 ERIE
V.                :
                  :
                  :   SUSANA BAXTER
MARILYN BROOKS    :   MAGISTRATE JUDGE
REPONDENT         :

SUPPLIMENT TO ADD TO MOTION

EXCUPATORY EVIDENCE THAT HAS SUBSEQUENTLY BECOME AVAILABLE AND THAT WOULD HAVE AFFECTED THE OUTCOME OF THE TRIAL IF IT HAD BEEN INTRODUCED.

MOTION FOR LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS

AND NOW THIS __1__ DAY OF __OCTOBER 2005__, COMES THIS PETITIONER, BENNEIE E. BARNES, PRO SE, WHO MOVES THIS COURT FOR LEAVE TO AMEMD HIS PETITION FOR WRIT OF HABEAS CORPUS FILED IN THE ABOVE CAPTIONED MATTER, AND IN SUPPORT THEREOF RESPECTFULLY REPRESENTS:

1.  THE ORIGINAL PETITION WAS FILED WITH THIS COURT ON _____.

2.  PETITIONER SEEKS LEAVE TO FILE AN AMENDED PETITION TO INCLUDE ADDITIONAL INFORMATION THAT WOULD SHOW HIS INNOCENCE OF CHARGE AND INFORMATION THAT DATES TO OCTOBER 25, 1997, IT ALSO SHOWS THE ATTONEY FOR THE COMMONWEALTH'S SIGNATURE AND INITALS. iT ALSO GIVES NOTICE OF INFORMATION OF ORIGINAL INFORMATION "1 23 OF 1999 ", OF THE FIRST TRIAL.

3.  PETITIONER AVERS THAT RESPONDANTS WILL NOT BE PREJUDICED BY THE COURT IN GRANTING LEAVE TO FILE AN AMENDED PETITION.

_/s/ Bennie Barnes_
BENNIE E. BARNES.

(1)

IN THE UNITED STATES DISTRICT COURT
FORT THE WESTERN DISTRICT
OF PENNSYLVANIA

PROOF OF SERVICE

THE UNDER SIGNED HEREBY CERTIFIES THAT ON THIS DAY HE SERVING THE FORE-GOING DOCUMENT(S) AND IN THE MANNER INDICATED ON THE FOLLOWING PERSON(S):

RAGUAL CRASS
ASSISITANT DISTRICT ATTORNEY
ERIE COUNY 140W. 6th ST.
ERIE, PA 16501

CLERK'S OFFICE U.S. DISTRICT COURT
P.O. BOX 1820,
ERIE, PA 16507

/S/ Bennie E Barnes

BENNIE E. BARNES
EB 8245
SCI ALBION
10745, RT 18
ALBION, PA 16475-0002

VERIFICATION

ON THIS __1__ DAY OF __OCTOBER__, __2005__, I DECLARE THAT I HAVE READ THE ABOVE STATED MATTERS, SUBSCRIBED BY ME AND KNOW THE CONTENTS THEREIN AND UNDER PENALTIES OF LAW PROVIDED BY TITLE 18 PA C.S.A. § 4904, (UNSWORN FALSIFICATION TO AUTORITIES) THAT THE MATTERS THEREIN SET FORTH BY ME ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATE// __OCTOBER 1, 2005__

/S/ Bennie E Barnes

BENNIE E. BARNES
EB 8245
SCI ALBION
10745, RT 18
ALBION, PA 16475-0002

longer be raised through direct[2] or PCRA review[3] this issue has been procedurally defaulted.

### A. Cause and Prejudice

To satisfy the cause standard, a petitioner must demonstrate that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. McClesky v. Zant, 499 U.S. 467, 493 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). Neither a deliberate strategic decision nor an inadvertent failure of counsel to raise an issue constitutes "cause" unless counsel's performance failed to meet the Sixth Amendment standard for competent assistance. Engle v. Isaac, 456 U.S. 107 (1982); Murray at 485-487.

### B. Miscarriage of Justice  *SUPPoRTed by LAW*

If a petitioner cannot demonstrate the necessary "cause" and "prejudice," this Court may review the claims if the petitioner can show that a "fundamental miscarriage of justice would result from a failure to entertain the claim[s]." McClesky at 495. This Court may use its discretion to correct a fundamental miscarriage of justice if it appears that a "constitutional violation probably resulted in the conviction of one who is actually innocent." Murray at 496; see also Coleman at 748; McClesky at 502. Under the "miscarriage of justice" standard, a petitioner must present new evidence of innocence and persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Schulp v. Delo, 513 U.S. 298 (1995).

---

[2] Under Pa. R.A.P. 903(a) the filing of an appeal would be untimely. This time requirement regarding such a filing has been consistently and regularly enforced by the Pennsylvania Superior Court.
[3] See Footnote 1.

10

```
COMMONWEALTH OF PENNSYLVANIA       :   IN THE COURT OF COMMON PLEAS
                                   :
             V.                    :   OF ERIE COUNTY, PENNSYLVANIA
                                   :
BENNIE EARL BARNES                 :   No. 1124 OF 1999
                                       E 699183-2
```

## INFORMATION

The District Attorney of Erie County by this Information charges that on (or about) October 25, 1997, in the said County of Erie and State of Pennsylvania the said BENNIE EARL BARNES

did unlawfully remove another a substantial distance under the circumstances from the place where he was found, or unlawfully confined another for a substantial period of time in a place of isolation to facilitate the commission of any felony or flight thereafter, to inflict bodily injury on or to terrorize the victim or another, to-wit: Tracey Kazmierczak, in that the said BENNIE EARL BARNES did take the victim from the area of East Tenth and Parade Streets by physically holding her and making her believe he had a weapon and/or by making statements to the victim which put her in fear for her safety and did then take her to an unknown location in the north east part of the city of Erie and/or to the 200 block of Wayne Street, Erie, Pennsylvania, where he committed the crimes of Unlawful Restraint and/or False Imprisonment and/or Simple Assault and/or Terroristic Threats and/or Rape and/or Involuntary Deviate Sexual Intercourse and/or Aggravated Indecent Assault and/or Indecent Assault against the victim; thereby the said BENNIE EARL BARNES did commit the crime of KIDNAPING, a felony of the first degree.


COUNT TWO:

AND THE DISTRICT ATTORNEY FURTHER CHARGES that on the day and year aforesaid in the said County of Erie and State of Pennsylvania, the said BENNIE EARL BARNES did knowingly restrain another lawfully in circumstances exposing her to a risk of serious bodily injury and/or did hold her in a condition of involuntary servitude, to-wit: Tracey Kazmierczak, in that the said BENNIE EARL BARNES did forcibly take the victim to an unidentified north east section of the city and held her there against her will, physically restraining her by grabbing her and pulling her hair and/or making threats that if she wanted to see her children again she would do as he asked, at an unidentified north east section of the city of Erie and/or the 200 block of Wayne Street, Erie, Pennsylvania; thereby the said BENNIE EARL BARNES did commit the crime of UNLAWFUL RESTRAINT, a misdemeanor of the first degree.

COUNT THREE:

    AND THE DISTRICT ATTORNEY FURTHER CHARGES that on the day and year aforesaid in the said County of Erie and State of Pennsylvania, the said BENNIE EARL BARNES did knowingly restrain another unlawfully so as to interfere substantially with her liberty, to-wit: the aforesaid BENNIE EARL BARNES did take the victim, Tracey Kazmierczak, to an unidentified north east section of the city and/or to an abandoned vehicle and held her there against her will, physically restraining her by grabbing her and pulling her hair and/or making threats that if she ever wanted to see her kids again, she would do as he asked, at an unidentified north east part of the city and/or the 200 block of Wayne Street, Erie, Pennsylvania; thereby the said BENNIE EARL BARNES did commit the crime of FALSE IMPRISONMENT, a misdemeanor of the second degree.

COUNT FOUR:

    AND THE DISTRICT ATTORNEY FURTHER CHARGES that on the day and year aforesaid in the said County of Erie and State of Pennsylvania, the said BENNIE EARL BARNES did attempt to cause or intentionally, knowingly or recklessly caused bodily injury to another and/or did attempt by physical menace to put another in fear of imminent serious bodily injury, to-wit: Tracey Kazmierczak, in that the said BENNIE EARL BARNES did slam the victim to the ground several times and/or did pull her hair several times and/or did threaten her that if she ever wanted to see her children again, she would do as he asked, occurring at an unidentified north east part of the city of Erie and/or the 200 block of Wayne Street, Erie, Pennsylvania; thereby the said BENNIE EARL BARNES did commit the crime of SIMPLE ASSAULT, a misdemeanor of the second degree.

COUNT FIVE:

    AND THE DISTRICT ATTORNEY FURTHER CHARGES that on the day and year aforesaid in the said County of Erie and State of Pennsylvania, the said BENNIE EARL BARNES did threaten to commit a crime of violence with intent to terrorize another or to cause evacuation of a building place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience to-wit: the said BENNIE EARL BARNES did threaten the victim that if she ever wanted to see her kids again, she would do as he asked, occurring at an unidentified north east section of the city and/or the 200 block of Wayne Street, Erie, Pennsylvania; thereby the said BENNIE EARL BARNES did commit the crime of TERRORISTIC THREATS, a misdemeanor of the first degree.

COUNT SIX:

    AND THE DISTRICT ATTORNEY FURTHER CHARGES that on the day and year aforesaid in the said County of Erie and State of Pennsylvania, the said BENNIE EARL BARNES did engage in sexual intercourse with another person not his spouse by forcible compulsion or threat of forcible compulsion that would prevent resistance by a person of reasonable resolution, to-wit: Tracey Kazmierczak, not his spouse, at an unidentified north east section of the city and/or the 200 block of Wayne Street, Erie, Pennsylvania; thereby the said BENNIE EARL BARNES did commit the crime of RAPE, a felony of the first degree.

COUNT SEVEN:

  AND THE DISTRICT ATTORNEY FURTHER CHARGES that on the day and year aforesaid in the said County of Erie and State of Pennsylvania, the said BENNIE EARL BARNES did engage in deviate sexual intercourse with another person by forcible compulsion or by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution, to-wit: Tracey Kazmierczak, in that the said BENNIE EARL BARNES did make the victim perform oral sex on him multiple times and/or did also attempt to perform anal sex on her, occurring at an unidentified north east section of the city and/or the 200 block of Wayne Street, Erie, Pennsylvania; thereby the said BENNIE EARL BARNES did commit the crime of INVOLUNTARY DEVIATE SEXUAL INTERCOURSE, a felony of the first degree.

COUNT EIGHT:

  AND THE DISTRICT ATTORNEY FURTHER CHARGES that on the day and year aforesaid in the said County of Erie and State of Pennsylvania, the said BENNIE EARL BARNES did engage in penetration, however slight, of the genitals or anus of another with a part of the actor's body for any purpose other than good faith medical, hygienic or law enforcement procedures if he does so without the consent of the other person and/or by forcible compulsion and/or did so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution, to-wit: Tracey Kazmierczak, in that the said BENNIE EARL BARNES did rape the victim multiple times and/or did attempt to perform anal sex on the victim, occurring at an unidentified north east section of the city and/or the 200 block of Wayne Street, Erie, Pennsylvania; thereby the said BENNIE EARL BARNES did commit the crime of AGGRAVATED INDECENT ASSAULT, a felony of the second degree.

COUNT NINE:

AND THE DISTRICT ATTORNEY FURTHER CHARGES that on the day and year aforesaid in the said County of Erie and State of Pennsylvania, the said BENNIE EARL BARNES did have indecent contact with another not his spouse, or caused such other to have indecent contact with him without the consent of the other person and/or by forcible compulsion, to-wit: Tracey Kazmierczak, age 37, date of birth 11-9-61, in that the said BENNIE EARL BARNES, knowing the contact was offensive to her, did hold the victim against her will and did force her to perform oral sex on him and/or did engage in sexual intercourse with the victim, and/or did attempt to perform anal sex on the victim, occurring at an unidentified north east section of the city and/or the 200 block of Wayne Street, Erie, Pennsylvania; thereby the said BENNIE EARL BARNES did commit the crime of INDECENT ASSAULT, a misdemeanor of the second degree.

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

(XX)   Notice is hereby given, per Pa.R.Crim.P. 1127(B)(1), that this Information will be tried with Information 1123 of 1999.
(XX)   Notice is hereby given, per Pa.R.Crim. P. 1127(B)(1), that your case will be tried together with all co-defendant(s) since you are alleged to have participated in the same act or transaction.

18 P.S. 2901
18 P.S. 2902
18 P.S. 2903
18 P.S. 2701
18 P.S. 2706
18 P.S. 3121
18 P.S. 3123
18 P.S. 3125
18 P.S. 3126

_____          _____
Citation of Statute & Section              Attorney for Commonwealth

# AFFIDAVIT OF PROBABLE CAUSE



...Y OF ERIE

| ...t Number (...ng Authority): | Police Incident Number: 97-42742/97-42730 | Warrant Control Number: |

**...OBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:**

ON 10-25-97, DEBBIE ROSE JONES DID REPORT TO THE ERIE POLICE THAT THE ACCUSED, BENNIE EARL BARNES, HAD TAKEN HER TO AN ABANDONED VEHICLE IN THE 200 BLOCK OF WAYNE STREET. THERE HE HELD HER AGAINST HER WILL, PHYSICALLY RESTRAINED HER BY GRABBING HER AND PULLING HER HAIR, MAKING THREATS OF BODILY HARM TO HER IF SHE DIDN'T COMPLY WITH HIS WISHES AND THREATENING HER WITH A KNIFE. HE FORCE HER TO PREFORM ORAL SEX ON HIM AND HE TOOK HER PANTS OFF AGAINST HER WILL. HE ALSO TOOK HIS PENIS OUT OF HIS PANTS AND ATTEMPTED, WHILE LAYING ON TOP OF HER, TO RAPE HER BEFORE BEING INTERUPTED BY OTHERS WHO HAD ENTERED THE AREA.

VICTIM STATED THAT SHE HAD MET SUSPECT BEFORE AT HIS SISTERS HOUSE AND ANOTHER TIME AT A BAR. SHE KNEW HIM AS "BENNIE". SHE SPLKE TO ANOTHER PERSON SHE KNOWS WHO WAS WITH HER WHEN SHE MET "BENNIE". HE STATED THAT BENNIE'S LAST NAME IS BARNES. THIS INVESTIGATOR THEN DID PUT A PHOTO LINE UP OF EIGHT PICTURES, ONE OF THOSE BEING BENNIE EARL BARNES, TOGETHER. VICTIM WAS ABLE TO MAKE A POSITIVE ID ON BENNIE AS THE PERSON WHO DID THESE ACTS TO HER ON THIS DATE.

ALSO ON 10-25-97, TRACEY KAZMIERCZAK DID REPORT TO THE ERIE POLICE THAT THE ACCUSED HAD TAKEN HER FROM THE AREA OF EAST 10TH AND PARADE BY PHYSICALLY HOLDING HER AND MAKING HER BELIEVE HE HAD A WEAPON. HE ALSO MADE STATEMENTS TO THE VICTIM WHICH PUT HER IN FEAR FOR HER SAFETY. THE ACCUSED, BENNIE EARL BARNES, DID THEN TAKE THE VICTIM TO A NORTH WAST PART OF THE CITY, IN A WOODED AREA BY THE RAILFOAD TRACKS ON WAST 5TH, AND HE SLAMMED HER TO THE GROUND SEVERAL TIMES. HE ALSO PULLED HER HAIR SEVERAL TIMES. HE REMOVED HER CLOTHING AND TOOK HER GLASSES FROM HER. HE THREATENED HER THAT IF SHE WANTED TO SEE HER KIDS AGAIN, SHE'D DO AS HE ASKED. HE RAPED HER MULTIPLE TIMES AT THAT LOCATION AND MADE HER PREFORM ORAL SEX ON HIM MULTIPLE TIMES. HE THEN TOOK HER FROM THAT LOCATION TO ANOTHER LOCATION IN THE AREA OF THE 200 BLOCK OF WAYNE STREET. THERE HE TOOK HER INTO AN OLD ABANDONED VAN IN THE WOODS AND AGAIN REMOVED HER CLOTHING. THERE HE AGAIN RAPED HER REPEATEDLY OVER A PERIOD OF SEVERAL HOURS AND MADE HER PREFORM OFAL SEX MULTIPLE TIMES ON HIM. HE ALSO ATTEMPTED TO PREFORM ANAL SEX ON THE VICTIM.

ON 10-26-97, THIS INVESTIGATOR SHOWED VICTIM A PHOTO LINE UP CONSISTING OF EIGHT PICTURES OF VARIOUS PEOPLE INCLUDING THE ACCUSED. VICTIM DID MAKE A POSITIVE ID ON BENNIE EARL BARNES AS BEING THE PERSON WHO COMMITTED THESE ACTS.

CLOTHING FROM AT LEAST ONE OF THE VICTIMS WAS TURNED OVER TO THE ERIE POLICE ALONG WITH A RAPE KIT WHICH WAS DONE AT THE HOSPITAL. SAMPLES OF BLOOD, SALIVA, HEAD HAIRS AND PUBIC HAIRS WERE OBTAINED FROM BENNIE EARL BARNES ON 2-5-99. THIS DETECTIVE HAS BEEN NOTIFIED BY BRUCE TACKETT OF THE PSP CRIME LAB THAT THERE WAS SEMEN FOUND ON SAMPLES SENT TO THE LAB. FURTHER TESTING WILL BE DONE AND TWO MORE VIALS OF BLOOD ARE NEEDED FROM BENNIE EARL BARNS TO CONTINUE WITH THE TESTING.

I, THE AFFIANT, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

| Affiant Signature | Date 4/7/99 | Issuing Authority Signature | Date 4/7/99 (SEAL) |

Page ___ of ___ Pages

AOPC 410B-10-24-98

**Commonwealth of Pennsylvania**

**COUNTY OF** ERIE

**APPLICATION FOR SEARCH WARRANT AND AUTHORIZATION**

| Docket Number (Issuing Authority): | Police Incident Number: 97-42742/97-42730 | Warrant Control Number: |
|---|---|---|

| DET. KENNETH R. MERCHANT | ERIE BUREAU OF POLICE | 870-1150 | 2-5-99 |
|---|---|---|---|
| AFFIANT NAME | AGENCY | PHONE NUMBER | DATE OF APPLICATION |

**IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED** (be as specific as possible):

TWO VIALS OF BLOOD FROM BENNIE EARL BARNES.

**SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSON TO BE SEARCHED** (Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.):

BENNIE EARL BARNES, DOB 05/08/52, SSN #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

CURRENTLY RESIDING AT THE ERIE COUNTY PRISON.

**NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED** (If proper name is unknown, give alias and/or description):

BENNIE EARL BARNES

| VIOLATION OF (Describe conduct or specify statute): PCC 2901/2902/2903/2701/2706/3121/ 901-3121/3123/3125/3126/907 | DATE(S) OF VIOLATION: 10-25-99 |
|---|---|

☐ **Warrant Application Approved by District Attorney – DA File No. _____**
(If DA approval required per Pa.R.Crim.P. 2002A with assigned File No. per Pa.R.Crim.P. 107)

☐ **Additional Pages Attached (Other than Affidavit of Probable Cause)**

☐ **Probable Cause Affidavit(s) MUST be attached (unless sealed below)** Total number of pages: 2

TOTAL NUMBER OF PAGES IS SUM OF ALL APPLICATION, PROBABLE CAUSE AND CONTINUATION PAGES EVEN IF ANY OF THE PAGES ARE SEALED

The below named Affiant, being duly sworn (or affirmed) before the Issuing Authority according to law, deposes and says that there is probable cause to believe that certain property is evidence of or the fruit of a crime or contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at the particular premises or in the possession of the particular person as described above.

| [signature] | ERIE BUREAU OF POLICE 626 STATE STREET | #223 |
|---|---|---|
| Signature of Affiant | Agency or Address if private affiant | Badge Number |

Sworn to and subscribed before me this __7th__ day of __April__ __1999__. Mag. Dist. No. __06-1-01__

[signature] 824 East 6th Street Erie, Pa. 16507 **(SEAL)**
Signature of Issuing Authority — Office Address

**SEARCH WARRANT TO LAW ENFORCEMENT OFFICER:** WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from which I have found probable cause, I do authorize you to search the premises or person described, and to seize, secure, inventory and make return according to the Pennsylvania Rules of Criminal Procedure.

☒ This Warrant shall be served as soon as practicable and shall be served only between the hours of 6AM to 10PM but in no event later than:*

☐ This Warrant shall be served as soon as practicable and may be served any time during the day or night but in no event later than: **

__11:00__ A M. o'clock __April 9__ 19__99__.

* The issuing authority should specify a date not later than two (2) days after issuance. Pa.R.Crim.P. 2005(d).
** If the issuing authority finds reasonable cause for issuing a nighttime warrant on the basis of additional reasonable cause set forth in the accompanying affidavit(s) and wishes to issue a nighttime warrant, then this block shall be checked. Pa.R.Crim.P. 2006(g).

Issued under my hand this __7th__ day of __April__ 19__99__ at __11:00 AM__ M. o'clock.

[signature] __06-1-01__ __1/3/2000__ **(SEAL)**
Signature of Issuing Authority — Mag. Dist. or Judicial Dist. No. — Date Commission Expires: __1-3-2000__

Title of Issuing Authority: ☒ District Justice ☐ Common Pleas Judge ☐ _____

☐ **For good cause stated in the affidavits(s) the Search Warrant Affidavit(s) are sealed for _____ days by my certification and signature.** (Pa.R.Crim.P. 2011)

_____ _____ (Date) **(SEAL)**
*Signature of Issuing Authority* (Judge of the Court of Common Pleas or Appellate Court Justice or Judge).

AOPC 410A-10-24-98

TO BE COMPLETED BY THE ISSUING AUTHORITY