IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNIE EARL BARNES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-100E |
| ) | JUDGE McLAUGHLIN |
| MARILYN BROOKS, ) | CHIEF MAGISTRATE JUDGE BAXTER |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

### II. REPORT

Petitioner, Bennie Earl Barnes, is a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania. Barnes is serving a sentence of 8 to 20 years imprisonment for Rape and Aggravated Indecent Assault. The relevant procedural history will be set forth in the body of the report.

#### A. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus proceeding is whether the petition was timely filed under the applicable one-year limitations period. Generally, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that state prisoners file their federal habeas petition within one year of any of four enumerated events:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1-2).

In determining whether a petition for writ of habeas corpus has been timely filed under AEDPA, a federal court must undertake a three-part inquiry.  First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A).  Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).  Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In this case, Barnes was convicted by a jury in September 1999, and was sentenced on November 1, 1999.  His direct appeal concluded on August 1, 2000, when the Superior Court of Pennsylvania affirmed the judgment of sentence.  Petitioner did not seek allowance of appeal in the Supreme Court of Pennsylvania and, accordingly, Barnes' conviction became "final" 30 days later, or on August 31, 2000, when his right to seek such an appeal expired under Pennsylvania law. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the 90–day time limit for filing a writ of certiorari in the Supreme Court).  The instant petition was filed by the Clerk of Courts on April 1, 2005, more than 4½ years after the conviction became final, and more

than 3½ years after the expiration of the limitations period. This Court must, accordingly, determine whether petitioner may take advantage of the "tolling" provision in section 2244(d)(2).

Barnes filed a petition pursuant to the Post Conviction Relief Act (PCRA) on March 15, 2001. The petition was denied by the trial court on September 17, 2001, and the Superior Court affirmed the denial of PCRA relief on June 26, 2002. Petitioner did not file a petition for allowance of appeal in the Supreme Court of Pennsylvania. Hence, the limitations period was tolled from March 15, 2001, until July 26, 2002. See Swartz, 204 F.3d at 420 (The time a collateral appeal is "pending" includes the time during which a petitioner may seek discretionary state court review, whether or not review is actually sought).

Barnes filed a second PCRA petition on August 12, 2002, which was denied on October 15, 2002 as being barred by the applicable statute of limitations. The Superior Court affirmed the denial of PCRA relief on August 21, 2003, and petitioner did not file a petition for allowance of appeal in the Supreme Court of Pennsylvania. The limitations period was not tolled during the pendency of this second PCRA petition, however, because the petition was denied as being untimely under state law. "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of 28 U.S.C. § 2244(d)(2)." Pace v. DiGuglielmo, --- U.S. ---- 125 S.Ct. 1807, 1812, *reh'g denied,* --- U.S. ----, 125 S.Ct. 2931, 162 L.Ed.2d 880 (2005) (internal editing and quotations omitted); Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir.2003)(collateral attack which is filed out of time and is dismissed as time-barred is not a properly filed application, and does not toll the limitations period).

Applying the tolling provisions of AEDPA, the limitations period ran from August 31, 2000, until March 15, 2001, a period of more than 6 months. The limitations period was tolled by petitioner's first PCRA petition, but again ran unabated from July 26, 2002, until this case was filed on April 1, 2005, a period of more than 32 additional months. More than 38 months of countable time elapsed before this petition was presented to the Clerk, and the petition is clearly time-barred. Nothing in the record indicates that Barnes is entitled to take advantage of any of the exceptions to the one-year limitations period. Specifically, he has failed to show that any of his claims are based on a constitutional right newly recognized by the Supreme Court and made

- 3 -

retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. §2254(d)(1)(C-D).

Finally, the one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, supra. Also, "[e]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Miller, 145 F.3d at 618-19 (internal citations, quotations, and punctuation omitted); Hizbullahankhamon, v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) ("To equitably toll the one-year limitations period, a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time," and he "must have acted with reasonable diligence throughout the period he seeks to toll." ). Here, the record yields no basis for equitably tolling the statute of limitations. Thus, petitioner's claims are time-barred, and this petition should be dismissed.

### B.    Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000).

A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard. Because Petitioner has not made such a showing, a certificate of appealability should be denied.

## CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2006

cc:   The Honorable Sean J. McLaughlin
      United States District Judge